UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREN GORDON,

                       Plaintiff,

                                                          DECISION AND ORDER
                                                               TO STAY

                                                               07-CV-6577L

                 v.

MERCK & CO., INC.,
et al.,

                       Defendants.
_____

KATHLEEN LAPP,

                       Plaintiff,

                 v.                                                07-CV-6578L

MERCK & CO., INC.,
et al.,

                       Defendants.
_____

MARIE ZIKA,

                       Plaintiff,

                 v.                                                07-CV-6579L

MERCK & CO., INC.,
et al.,

                       Defendants.
_____

_____

FRANCES AGNELLO,

                Plaintiff,

        v.                                              07-CV-6580L

MERCK & CO., INC.,
et al.,

                Defendants.

_____

BEVERLY EUBANKS,

                Plaintiff,

        v.                                             07-CV-6581L

MERCK & CO., INC.,
et al.,

                Defendants.

_____

JOANN EFTHEMIS,

                Plaintiff,

        v.                                             07-CV-6582L

MERCK & CO., INC.,
et al.,

                Defendants.

_____

       On November 20, 2007, Merck removed each of these negligence and product liability actions from New York State Supreme Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

       Shortly thereafter, Merck filed motions to stay the actions (Dkt. #5) pending the issuance of a conditional order by the Judicial Panel on Multidistrict Litigation ("JPML") transferring each case

as a "tag-along" action to *In re Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, an MDL action that has been established in the Eastern District of Louisiana. On December 20, 2007, the JPML issued a conditional transfer order embracing each of the above cases. It is unknown whether one or more of the plaintiffs will pursue objections to that order with the JPML.

This Court has held in other cases concerning Vioxx that a stay was warranted in connection with transfer decisions by the JPML in order to conserve judicial resources, to avoid duplicative litigation, and to prevent hardship and inequity to Merck, and that a stay would not cause plaintiffs to suffer undue prejudice. *See e.g.*, *Reid v. Merck & Co., Inc.*, No. 05-CV-6621L, slip op. (W.D.N.Y. Mar. 1, 2006); *North v. Merck & Co., Inc.*, No. 05-CV-6475L, 2005 WL 2921638 (W.D.N.Y. Nov. 4, 2005); *Krieger v. Merck & Co., Inc.*, No. 05-CV-6338L, 2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005).

For these same reasons, Merck's pending motions to stay (Dkt. #5) in each of the above-referenced cases is **GRANTED**.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 8, 2008.